UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF CONNECTICUT

2009 AUG -3 A 11: 50

ANITA PUCCI

    Plaintiff,

v.

CIVIL ACTION NO.

309-v-1228 (SRU)

GMAC FINANCIAL SERVICES
And EXPERIAN INFORMATION
SOLUTIONS INC.

    Defendants.

July 31, 2009

## COMPLAINT

Plaintiff, Anita Pucci on his own behalf, complains as follows against defendants GMAC (hereinafter referred to as "GMAC") and Experian Information Solutions Inc. (hereinafter referred to as "Experian")

### I. INTRODUCTION

1. The Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* (hereinafter referred to as the "Act") and 15 U.S.C. § 1666 (Federal Fair Credit Billing Act), and for the common law tort of defamation.. Plaintiff seeks actual damages, punitive damages, costs and attorney fees.

### II. PARTIES

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3. Plaintiff, Anita Pucci, is a natural person who resides at 960 Jennings Road, Fairfield, CT 06824.

4. Plaintiff is a natural person and resident of the State of Connecticut and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the Act.

1

5. Upon information and belief, Defendant, Experian Information Solutions Inc. (hereinafter referred to as "Experian"), is a corporation authorized to do and doing business in the state of Connecticut, whose registered agent for service of process in Connecticut is C T Corporation System, One Corporate Center, Floor 11, Hartford, CT, 06103-3220.

6. Upon information and belief, Defendant, Experian Information Services Inc. is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the Act, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the Act, to third parties.

7. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8. Defendant, GMAC Financial Services (hereinafter referred to as "Defendant" or "GMAC"), is a national bank authorized to do business in the state of Connecticut by soliciting and maintaining credit card accounts with numerous residents of the state of Connecticut as a consumer credit card lender.

## II. FACTUAL ALLEGATIONS

9. On or about September 6, 2006, Defendant GMAC filed suit against Anita Pucci.

10. On January 3, 2007, after many exchanges of documentation and conversation between the parties lawyers, GMAC withdrew its lawsuit as it had no grounds.

11. On March 21, 2007, GMAC admitted in writing that it was responsible for removing late fees and the foreclosure on Ms. Pucci's record.

12. On October 24, 2007, Attorney Sandor of D'Acunto and Sandor, on behalf of Plaintiff, sent demand letters to Experian and GMAC to have the derogatory comments regarding the GMAC account removed and Ms. Pucci's credit remediated.

13. On February 27, 2008, Attorney Robert D. Russo, on behalf of Plaintiff, sent a lengthy letter explaining GMAC's mistake and requesting removal from her credit report. There was no response from GMAC.

14. On May 19, 2008, Attorney Robert D. Russo sent a letter explaining GMAC's mistake and requesting removal from her credit report.

15. On April 10, 2008, Attorney Robert D. Russo sent a letter demanding removal from her credit report. There was no response from GMAC.

16. On July 3, 2008, GMAC sent Ms. Pucci a notice of her "purged" account explaining that the wrongful foreclosure will remain on her credit regardless of any lack of fault in the proceeding.

17. On July 23, 2008, Attorney Robert D. Russo sent a lengthy letter explaining GMAC's mistake and requesting removal from her credit report. There was no response from GMAC.

18. On October 17, 2008, Ms. Pucci sent GMAC another letter requesting credit remediation, which was not responded to.

19. On October 20, 2008, Ms. Pucci sent Experian letter requesting credit remediation, which was not responded to.

20. On December 10, 2008, Attorney Rosenberg, on behalf of Plaintiff, spoke with agents of GMAC to demand remediation of Ms. Pucci's credit.

21. On December 10, 2008, Attorney Rosenberg drafted and sent a letter to GMAC to demand remediation of Ms. Pucci's credit.

22. On December 15, 2009 Attorney Rosenberg sent a second notice of his letter.

23. On December 19, 2009, Attorney Rosenberg, spoke with GMAC agents again to have the derogatory credit removed.

24. On December 22, 2009, Attorney Rosenberg, spoke with GMAC agents again to have the derogatory credit removed.

25. On December 29, 2009, Attorney Rosenberg, spoke with GMAC agents again to have the derogatory credit removed.

26. On January 2, 2009, Attorney Rosenberg sent a lengthy letter to GMAC representative to further the demand to remediate Plaintiff's credit report.

27. Upon information and belief, Experian did not investigate the GMAC account listed on Plaintiff's credit report.

28. Upon information and belief, GMAC did not investigate the GMAC account listed on Plaintiff's credit report.

29. On or about February 25, 2009, plaintiff applied for a loan and was turned down due to adverse credit information on his Experian credit report.

30. Plaintiff discovered she was turned down because of a derogatory account and found

out that this resulted in the listing of negative credit information on her credit profile maintained by the defendant Experian Information Solutions Inc.

31. Experian had allowed the mismanaging of Plaintiff's credit file so as to reflect inaccurate information.

## COUNT I–FAIR CREDIT REPORTING ACT VIOLATIONS (AS TO EXPERIAN)

1-31. Plaintiff incorporates ¶¶ 1-33 above.

32. In the entire course of its actions, Defendant Experian willfully and/or negligently violated the provisions of the Act in the following respects:

a. By willfully and/or negligently failing to reinvestigate reasonably to fulfill its duty under § 1681i(a) of the Act.

b. Upon information and belief, by willfully and/or negligently failing, in the preparation of consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report, in violation of § 1681e of the Act.

33. Plaintiff claims damages.

## COUNT II–FAIR CREDIT REPORTING ACT VIOLATIONS (AS TO GMAC BANK)

1-33. Plaintiff incorporates ¶¶ 1-33 above.

34. In the entire course of its actions, Defendant, GMAC Bank willfully and/or negligently violated the provisions of the Act in the following respects:

a. By willfully and/or negligently violating its duties and responsibilities in the reinvestigation of this alleged debt, in violation of § 1681s-2 (b).

35. GMAC Bank violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the GMAC Bank foreclosure representation within Plaintiff's credit file with Experian without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the GMAC Bank representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the

re-reporting of the GMAC Bank Representations to the consumer reporting agencies.

36. Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

37. The Plaintiff is entitled to recover costs and attorney's fees from Defendant, GMAC Bank, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and §1681(o).

38. As a result of this conduct, action and inaction of GMAC, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

39. Plaintiff claims damages.

**COUNT III-FEDERAL CREDIT BILLING ACT, 15 U.S.C. §1666 (AS TO GMAC BANK)**

1-31. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set out herein.

32. GMAC violated the Federal Fair Credit Billing Act, 15 U.S.C. § 1666 ("FCBA") by its refusal and failure to respond to Plaintiff's written dispute letter mailed by her attorney within sixty (60) days of receipt of Exhibit "A " and for its failure to conduct a lawful investigation of Plaintiff's dispute.

33. As a result of GMAC's violation of the FCBA, GMAC is liable to Plaintiff for her actual and statutory damages and for her attorney's fees and cost pursuant to 15 U.S.C. § 1640.

34. Plaintiff claims damages.

WHEREFORE, plaintiff respectfully requests that judgment be entered against GMAC Bank and Experian Information Solutions Inc. for:

(a) actual damages

(b) punitive damages

(c) attorney fees pursuant to 15 U.S.C. § 1681n and/or § 1681o, and 15 U.S.C. § 1640.

(d)     costs; and

(e)     for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

BY ATTORNEY:

Max L. Rosenberg (Ct26742)
Rosenberg & Press, LLC
3333 Main Street, Suite 203
Stratford, Ct 06614
(203) 870-6700
Fax (203) 870-6701